IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVAN KAYAIAN, | CASE NO. CV F 06-1594 AWI LJO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION** |
| vs. | |
| STATE OF CALIFORNIA, | |
| Defendant. | |

## INTRODUCTION

Plaintiff Sevan Kayaian ("plaintiff") proceeds pro se and in forma pauperis and on November 8, 2006, filed an untitled document which this Court construes as a complaint ("complaint"), the purported caption of which appears to list the State of California as defendant. The complaint is generally unintelligible and states: "My freedom has been taken along with my property and cash money"; "It's sad that after spending a year in Iraq and coming home only to have my freedoms stripped away from me"; and "I am not even aloud [sic] to sit and watch a chase [sic] in the Federal Court House."[1] The complaint appears to seek a return of property and "punitive damages 14 hours in jail."

---

[1] This Court has been informed that plaintiff has been escorted from the this Court's building.

1

**DISCUSSION**

**Standards For Screening**

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

This Court shall dismiss an in forma pauperis plaintiff's case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629

(N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The complaint's face reflects deficiencies to prevent plaintiff from offering evidence to proceed on the indecipherable complaint.

## Subject Matter Jurisdictional

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

   (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall

3

contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

. . .

(e)     Pleading to be Concise and Direct; Consistency.

(1)     Each averment of a pleading shall be simple, concise and direct.

The complaint alleges neither grounds for nor facts to support this Court's jurisdiction. The complaint reveals no grounds to properly invoke this Court's jurisdiction.

## Pleading Deficiencies

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

The complaint makes indecipherable references to taken property, stripped freedoms and inability to watch a federal court case. The complaint is unintelligible and alleges no specific claims against an personalized defendant or particular defendant. The complaint fails to provide fair notice and to state facts to support elements of particular claims. The complaint seeks no clear relief.

## Section 1983 Deficiencies

The complaint is unclear whether it attempts to pursue claims under 42 U.S.C. § 1983 ("section 1983") which provides:

Every person who, under the color of [state law] . . . subjects, or causes to be subjected,

> any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

To state a section 1983 claim, a plaintiff must plead that: (1) defendant acted under color of state law at the time the complained of act was committed; and (2) defendant deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The complaint fails to state colorable claims (or any claims for that matter) by plaintiff against a particular defendant. The complaint fails to allege that a particular defendant acted under color of state law. The complaint points to no constitutional right of which a particular defendant deprived plaintiff.

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to a particular defendant and to articulate how a particular defendant deprived plaintiff of constitutional rights and resulting harm.

### **Malice**

This Court is concerned that plaintiff has brought this action in absence of good faith and attempt to take advantage of cost-free filing to vex an insufficiently identified defendant. Plaintiff has filed in this Court a similar action entitled *Sevan Kayaian v. United States of America*, Case No. CV F 06-1595 OWW LJO. Such attempt to vex provides further grounds to dismiss this action.

### **RECOMMENDATION AND ORDER**

For the reasons discussed above, this Court RECOMMENDS to DISMISS this action without prejudice on grounds that: (1) the complaint fails to establish this Court's subject matter jurisdiction; (2) the complaint fails to state a claim upon which relief may be granted; and (3) a further attempt at

1  amendment is unwarranted based on the complaint's unintelligible statements.

2  These findings and recommendations are submitted to the United States district judge assigned
3  to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  No later than
4  November 24, 2006, plaintiff may file written objections to these findings and recommendations with
5  the Court and in compliance with this Court's Local Rule 72-304(b).  Such a document should be
6  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district court will
7  then review the magistrate judge's ruling, pursuant to 28 U.S.C. § 636(b)(1)(c)).  Plaintiff is admonished
8  that failure to file objections within the specified time may waive the right to appeal the district court's
9  order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10  **Plaintiff is admonished not to attempt to file an amended complaint as plaintiff's recourse
11  is to object to these findings and recommendations.  Plaintiff is further admonished this Court will
12  strike any papers to attempt to file an amended complaint unless this Court specifically grants
13  plaintiff permission to file an amended complaint.**

14  IT IS SO ORDERED.

15  **Dated:   November 9, 2006**              /s/ Lawrence J. O'Neill
66h44d                                            UNITED STATES MAGISTRATE JUDGE